164 So. 634

## FRIED v. STATE LIFE INS. CO. OF INDIANAPOLIS, IND., et al.

### No. 33423.

Dec. 2, 1935.

Hawthorn, Stafford & Pitts, of Alexandria, and Milton W. Mangus, of Indianapolis, Ind., for appellant.

John C. Hollingsworth, of New Orleans, and Julius B. Nachman, of Alexandria, for appellees.

BRUNOT, Justice.

This is an appeal from a single judgment, rendered in three suits, between the same litigants, which were consolidated before trial in the court of original jurisdiction, and were tried by said court as one suit.

The averments of the plaintiff are that he is the holder and owner of policies of insurance numbered 223,844, 314,227, and 314,228, issued by the defendant State Life Insurance Company of Indianapolis, Ind., of which the American Surety Company of New York, the other defendant, is the surety of the State Life Insurance Company of Indianapolis, Ind., on its Louisiana qualification bond.

There was judgment in the court below in favor of the plaintiff and against both defendants for $2,000, together with 6 per cent. interest on $250 thereof on each of the following dates, viz.: February 12, 1933, March 12, 1933, April 12, 1933, May 12, 1933, June 12, 1933, July 12, 1933, August 12, 1933, and September 12, 1933, from said dates until the respective amounts are paid. There was further judgment against both defendants decreeing the plaintiff totally and permanently disabled during said period of time, and from the 12th day of March, 1932, prior thereto. There was further judgment against both defendants for $1,130.80, which was paid, under protest, by the plaintiff to the State Life Insurance Company of Indianapolis, Ind., as premiums on his said policies during the period of his total and permanent disability prior to February 12, 1933. There was further

judgment in favor of the plaintiff and against the defendants for $750 as attorney's fees, and the costs of the suits. The appeal is from said judgment.

On the joint motion of counsel for the litigants, the transcript in the suit entitled Samuel Fried v. State Life Insurance Company of Indianapolis, Indiana, 180 La. 927, 158 So. 20, was made a part of the transcript in this case.

Pending the hearing of the appeal the plaintiff died, and, by a formal motion filed in this court, his widow, Mrs. Nettie G. Fried, executrix of the deceased's estate, has been substituted as the plaintiff and appellee herein. The appellee has answered the appeal and prays that the judgment appealed from be amended by increasing the amount awarded therein for attorney's fees from $750 to $2,000, and that the appellants be assessed with the statutory damages for a frivolous appeal.

As we understand the argument of counsel for the appellants, the question of the permanent and total disability of Samuel Fried has been finally adjudicated and the issues which are now before this court are the award, in the judgment appealed from, of attorney's fees, and the demands, in the appellee's answer to the appeal, for an increase in the amount of that award, and for the statutory penalty for an alleged frivolous appeal. It is true that the judgment in the consolidated cases which were decided by this court October 29, 1934, and reported in 180 La. 927, 158 So. 20, are res adjudicata as to the issues decided in that case, but the question of attorney's fees in this case, and the issue as

to whether or not this is to be decreed a frivolous appeal, are the issues to be now decided by this court.

We are of the opinion that the award of attorney's fees in the case cited supra was for services rendered in that case. In this case the attorneys have performed other and additional services and are justly entitled to reasonable compensation therefor. From our appreciation of the value of said services, in view of the record which is before us, we cannot say that the trial judge erred in fixing the amount of said award at $750. With respect to the demand for statutory damages for a frivolous appeal, we have reached the conclusion that appellant had reason to test the award of such fees in the court below and was justified in appealing from the judgment, fixing said award.

For these reasons the judgment appealed from is affirmed, at appellant's cost.